GEORGE PASSFIELD, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Sangamon.*

A. as principal, and B. and C. as his sureties, entered into a joint and several · recognizance to the People for the appearance of A. at Court, &c.　A. failed to appear, and the recognizance was forfeited.　A *sci. fa.* was issued, and returned served on C.　An *alias* was also issued, returnable at a subsequent term, which was served on B.　In each case, there was a return of *nihil* as to A.　Judgment by default was rendered against B. alone, with an order for execution, which was assigned for error: *Held,* that the recognizance being joint and several, the judgment was properly rendered.

SCIRE FACIAS, upon a recognizance to the People, &c. at the July term 1842, of the Sangamon Circuit Court, the Hon. Samuel H. Treat presiding.　The plaintiff in error, who was one of three defendants in the Court below, was duly served, but made default, and judgment was rendered thereon against him only for $800. There had been two returns of "*nihil*" as to one of the others, and service upon a third.

The cause was submitted without argument by *S. T. Logan,* for the plaintiff in error, and *D. B. Campbell,* Attorney General, for the defendants in error.

The Opinion of the Court was delivered by

PURPLE, J.*　On the 22d day of September, 1841, Love S. Cornwell, George Passfield, and James Shepherd, the first as principal, and the others as sureties, acknowledged a joint and several recognizance, before a justice of the peace of Sangamon county, in the sum of eight hundred dollars, conditioned for the appearance of the principal at the next term of the Sangamon Circuit Court, to answer to a charge of larceny.　Cornwell failing to appear, his recognizance was forfeited, and a *scire facias* issued against him and his sureties, returnable to March term, A. D. 1842, which was served on Shepherd, and returned *nihil* as to

---

* DENNING, J. did not sit in this case.

Cornwell and Passfield. An *alias scire facias* was issued, returnable to the July term, A. D. 1842, which was served on Passfield, and returned *nihil* as to Cornwell.

At the same term, judgment by default was entered against Passfield alone, with an order for execution.

The rendition of the judgment, in the manner aforesaid, is assigned for error.

The main question presented in this record we consider as settled in the case of *Sans* v. *The People,* decided at the present term. The recognizance is recited at length in the *scire facias,* by which it manifestly appears that it is joint and several. In principle, there is no distinction between this and the case before referred to. Under the proceedings in the Court below, judgment might have been rendered against all the cognizors, but of this the People only can complain.

There is a technical inaccuracy in the form of the judgment in the Circuit Court. It is rendered in the usual form of judgments in ordinary actions at law, with an award of execution against the defendant, Passfield. Strict formality would have required that it should have been entered that the said People have execution against the said George Passfield, &c. according to the force, form and effect of his said recognizance, &c. Passfield, however, is in no way prejudiced on this account, and the judgment will not, for this reason, be reversed.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*